1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  FELIX CUNNINGHAM,                )        NO. ED CV 13-1094-E
                                     )
12               Plaintiff,          )
                                     )
13        v.                         )        **MEMORANDUM OPINION**
                                     )
14  CAROLYN W. COLVIN, ACTING        )        **AND ORDER OF REMAND**
    COMMISSIONER OF SOCIAL SECURITY, )
15                                   )
                                     )
16               Defendant.          )
                                     )
17  _____)

18

19        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

20  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

21  judgment are denied and this matter is remanded for further

22  administrative action consistent with this Opinion.

23

24                         **PROCEEDINGS**

25

26        Plaintiff filed a complaint on June 25, 2013, seeking review of

27  the Commissioner's denial of disability benefits.  The parties filed a

28  consent to proceed before a United States Magistrate Judge on

August 7, 2013.  Plaintiff filed a motion for summary judgment on
December 17, 2013.  Defendant filed a cross-motion for summary
judgment on January 16, 2014.  The Court has taken the motions under
submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed
June 27, 2013.


**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**


     Plaintiff asserts disability based primarily on allegedly
longstanding mental and emotional impairments (Administrative Record
("A.R.") 29-416).  The Administrative Law Judge ("ALJ") found
Plaintiff "has the following severe impairments: depressive disorder,
nos; learning disorder; and personality disorder, nos with anti-social
features" (A.R. 32).  The ALJ also found, however, that Plaintiff
retains the residual functional capacity to perform moderately
stressful, "task oriented-object oriented" work involving "no
intrusive supervision or general public contact," including
Plaintiff's past relevant work (A.R. 35, 39).  In thus finding
Plaintiff not disabled, the ALJ expressly gave "great weight" to the
opinions of Dr. Jason Yang, a consultative examining psychiatrist
(A.R. 38; <u>see</u> A.R. 323-27 (Dr. Yang's opinions)).  The Appeals Council
considered additional evidence but denied review, which made the ALJ's
decision the "final decision" of the Administration (A.R. 3-6).


**STANDARD OF REVIEW**


     Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if:  (1) the Administration's

1  findings are supported by substantial evidence; and (2) the

2  Administration used proper legal standards.  See Carmickle v.

3  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

4  499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

5  relevant evidence as a reasonable mind might accept as adequate to

6  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

7  (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

8  F.3d 1063, 1067 (9th Cir. 2006).

9

10      Where, as here, the Appeals Council considered additional

11 material but denied review, the additional material becomes part of

12 the Administrative Record for purposes of the Court's analysis.  See

13 Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen

14 the Appeals Council considers new evidence in deciding whether to

15 review a decision of the ALJ, that evidence becomes part of the

16 administrative record, which the district court must consider when

17 reviewing the Commissioner's final decision for substantial

18 evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452

19 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011)

20 (courts may consider evidence presented for the first time to the

21 Appeals Council "to determine whether, in light of the record as a

22 whole, the ALJ's decision was supported by substantial evidence and

23 was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th

24 Cir. 1993) ("the Appeals Council considered this information and it

25 became part of the record we are required to review as a whole"); see

26 generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

27 ///

28 ///

1                              **DISCUSSION**

2

3      Prior to the ALJ's decision, the California Department of Social

4  Services terminated Dr. Jason Yang's service as a consultative

5  examiner (A.R. 302-03; see <u>Brandl v. Astrue</u>, 2012 WL 3887097, at *4

6  (C.D. Cal. Sept. 7, 2012)).  The reasons for Dr. Yang's termination

7  included the fact that, notwithstanding prior warnings by the

8  Department of Social Services, Dr. Yang had continued to render

9  consultative examination reports containing "identical or nearly

10 identical mental status examination findings" for many different

11 claimants.  <u>See id.</u>

12

13     Defendant now concedes that the ALJ erred in relying on the

14 suspect opinions of Dr. Yang (Defendant's Motion at 2).  At issue is

15 whether this error was harmless.

16

17     "[A]n ALJ's error is harmless where it is inconsequential to the

18 ultimate non-disability determination."  <u>Molina v. Astrue</u>, 674 F.3d

19 1104, 1115 (9th Cir. 2012) (citations and quotations omitted).  "[W]e

20 must analyze harmlessness in light of the circumstances of the case."

21 <u>Id.</u> at 1121 (citations and quotations omitted).

22

23         [T]he factors that inform a reviewing court's "harmless-

24         error" determination are various, potentially involving,

25         among other case-specific factors, an estimation of the

26         likelihood that the result would have been different, an

27         awareness of what body (jury, lower court, administrative

28         agency) has the authority to reach that result, a

                                      4

1    consideration of the error's likely effects on the perceived

2    fairness, integrity, or public reputation of judicial

3    proceedings, and a hesitancy to generalize too broadly about

4    particular kinds of errors when the specific factual

5    circumstances in which the error arises may well make all

6    the difference.

7

8    Shinseki v. Sanders, 556 U.S. 396, 411-12 (2009) (cited with approval

9    in McLeod v. Astrue, 640 F.3d 881, 886-87 (9th Cir. 2011) ("McLeod")).

10

11    [D]espite the burden to show prejudice being on the party

12    claiming error by the administrative agency, the reviewing

13    court can determine from the circumstances of the case that

14    further administrative review is needed to determine whether

15    there was prejudice from the error.  Mere probability is not

16    enough.  But where the circumstances of the case show a

17    substantial likelihood of prejudice, remand is appropriate

18    so that the agency can decide whether re-consideration is

19    necessary.  By contrast, where harmlessness is clear and not

20    a borderline question, remand for reconsideration is not

21    appropriate.

22

23    McLeod, 640 F.3d at 888.

24

25    In the present case, several considerations material to the

26    harmless error analysis point in opposing directions.  Dr. Yang's

27    opinions predated Plaintiff's alleged disability onset (A.R. 177,

28    323).  "Medical opinions that predate the alleged onset of disability

are of limited relevance." <u>Carmickle v. Commissioner</u>, 533 F.3d 1155,
1165 (9th Cir. 2008).  Yet, notwithstanding the relative remoteness in
time of Dr. Yang's opinions, the ALJ's decision expressly gives "great
weight" to those opinions.  In finding the receipt of improper
evidence not harmless, courts have emphasized the ALJs' express
placement of significant weight on the improper evidence.  <u>See, e.g.</u>,
<u>Farr v. Colvin</u>, 2014 WL 47379, at *10 (M.D. Pa. Jan. 6, 2014)
("because the ALJ placed 'great weight' on the [improper evidence]
. . . we cannot determine if the ALJ would have come to the same
conclusion if he placed no weight on the [improper evidence]"); <u>see</u>
<u>also</u> <u>Lantelme v. Astrue</u>, 2012 WL 4056862, at *5 (E.D. Cal. Sept. 14,
2012) (reliance on the improper evidence not harmless where the ALJ
gave "substantial weight" to the evidence).

     Notwithstanding the "great weight" accorded to Dr. Yang's
opinion, the ALJ expressly gave "the most probative weight" to the
opinions of Dr. Craig Rath, a non-examining medical expert (A.R. 37).
Generally, however, the opinion of an examining physician "carries
more weight" than the opinion of a non-examining physician.  <u>See</u>
<u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 (9th Cir. 2001).  Further,
Dr. Rath's opinions may not have been entirely independent of Dr.
Yang's opinions.  Dr. Rath read and may have relied on Dr. Yang's
opinions (A.R. 60).  Similarly, the ALJ expressly gave Dr. Rath's
assessment "the most probative weight because it is well supported by
the minimal treatment record and <u>the various evaluations that find GAF</u>
<u>scores ranging from mild to moderately mild</u>" (A.R. 37) (emphasis
added).  One of these "various evaluations" was the evaluation done by
Dr. Yang (A.R. 326).

1    Dr. Yang was only one of three examining physicians who rendered

2  similar conclusions regarding Plaintiff's mental and emotional

3  capacity (A.R. 38-39).   Yet, while the ALJ expressly gave "great

4  weight" to the opinions of Dr. Yang, the ALJ gave only "some weight"

5  to the opinions of the other two examining physicians, Dr. Reynaldo

6  Abejuela and Dr. Ernest Bagner (<u>id.</u>).   Notably, Dr. Abejuela read and

7  may have relied on Dr. Yang's opinions (A.R. 347).

8

9    As the circumstances of the present case illustrate, application

10  of the harmless error standard is sometimes fraught with uncertainty.

11  The standard requires remand where there exists a "substantial

12  likelihood of prejudice," but not where there exists only a "mere

13  probability" of prejudice, where "harmlessness is clear" or where

14  harmlessness is "not a borderline question." <u>McLeod</u>, 640 F.3d at 888.

15  As discussed above, the circumstances of the present case do not

16  appear to render harmlessness "clear," but also may not render the

17  "likelihood of prejudice" "substantial."   Perhaps the harmlessness

18  issue here presents a "borderline question."[1]

19  _____

20    [1]    In denying review, the Appeals Council stated: "If Dr.
    Yang's report were removed from the case file and if all
21  references to the report were removed from the Administrative Law
    Judge's decision, it would not change the analysis nor would it
22  change the determination of your disability status" (A.R. 4).   To
    the contrary, removal of all consideration of Dr. Yang's opinions
23  necessarily would change the analysis conducted by the ALJ.
    Whether such removal would change the ultimate disability
24  decision is the issue the Court finds to be significantly
    uncertain.   In any event, it is the ALJ's decision, not that of
25  the Appeals Council, which this Court has jurisdiction to review.
    <u>See</u> <u>Taylor v. Commissioner</u>, 659 F.3d 1228, 1231 (9th Cir. 2011)
26  (district court has "no jurisdiction to review the Appeals
    Council's decision denying [the claimant's] request for review";
27  <u>but see</u> <u>Warner v. Astrue</u>, 859 F. Supp. 2d 1107, 1115 n.10 (C.D.
28                                             (continued...)

1    As previously mentioned, the factors informing a reviewing

2  court's harmless error analysis potentially include "a consideration

3  of the error's likely effects on the perceived fairness, integrity, or

4  public reputation of judicial proceedings." <u>Shinseki v. Sanders</u>, 556

5  U.S. at 411-12.   The error here under review, the giving of "great

6  weight" in the disability analysis to the opinions of a doctor

7  previously terminated for "performance and ethical reasons,"[2]

8  significantly implicates "the perceived fairness, integrity or public

9  reputation" of the proceedings.   For this reason, and the other

10  reasons discussed above, the Court elects not to deem the error

11  harmless.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26    [1](...continued)
    Cal. 2012) (observing that this jurisdictional restriction is
27  sometimes honored in the breach).

28    [2]   <u>Brandl v. Astrue</u>, 2012 WL 3887097, at *4.

8

**ORDER**

Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 28, 2014.


_____/S/_____
                    CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE

---

[3]     A reversal with a directive for the payment of immediate benefits would not be appropriate under the circumstances of the present case.  See INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).