UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX CUNNINGHAM, | ) | CV 13-1094-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER RE |
| | ) | PLAINTIFF'S PETITION FOR |
| | ) | ATTORNEY FEES UNDER THE |
| CAROLYN W. COLVIN, ACTING | ) | EQUAL ACCESS TO JUSTICE ACT |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**INTRODUCTION**

On April 30, 2014, Plaintiff's counsel filed a "Petition for Attorney Fees, Costs and Expenses Under the Equal Access to Justice Act" (the "Petition"), requesting $3,333.51 in fees. On May 29, 2014, Defendant filed opposition to the Petition (the "Opposition"). The Opposition argues: (1) "the record supported the [Administrative Law Judge's] ultimate determination that Plaintiff was not disabled"; (2) Defendant's litigation position was reasonable; and (3) alternatively, the amount of the fees requested in the Petition is not reasonable and any fees should be made payable to Plaintiff, not

to Plaintiff's counsel. On July 8, 2014, counsel for Plaintiff filed an untimely reply ("Reply").[1] The Reply requests an additional hour of fees for preparing the Reply.[2] The Court has taken the matter under submission without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15; Minute Orders filed May 1, 2014 and June 2, 2014.

As discussed below, the Court will award the requested fees, except for the requested additional hour of fees for preparing the Reply. The government's pre-litigation position was not substantially justified, a conclusion which is determinative of the liability analysis under current Ninth Circuit law. The fees requested are reasonable, except for the fee requested for the preparation of the untimely, duplicative Reply. Absent offset, the fees may be paid directly to counsel for Plaintiff.

**BACKGROUND**

Plaintiff filed a complaint on June 25, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 7, 2013.

///

---

[1] The Reply was due no later than July 2, 2014. See Minute Order filed June 2, 2014.

[2] Other than the request for another hour of fees, the Reply does not contribute any information or argument beyond that presented in the Petition. In fact, the Reply duplicates nearly verbatim arguments presented in the Petition. Compare Reply at 2-4 with Petition at 4, 7-9, 15.

2

After reviewing the parties' cross motions for summary judgment, the Court remanded the matter for further administrative proceedings. The Court found that the Administrative Law Judge ("ALJ") materially erred in giving "great weight" to the opinions of Dr. Jason Yang, a previously discredited consultative examiner. See Memorandum Opinion and Order of Remand, filed January 28, 2014; see also Plaintiff's Motion for Summary Judgment, filed December 17, 2013, at 4-5. Prior to the ALJ's decision, Dr. Yang's service as a consultative examiner had been administratively terminated because, inter alia, Dr. Yang reportedly had been rendering "identical or nearly identical mental status examination findings" for many different claimants (Administrative Record ("A.R.") 302-03).

Defendant's motion for summary judgment admitted that the ALJ erred in relying on Dr. Yang's opinions, but argued that the error was harmless in light of the other opinions of record. See Defendant's Motion for Summary Judgment, filed January 16, 2014, at 2-4. In addressing Defendant's argument, the Court conceded that "considerations material to the harmless error analysis point in opposing directions." Memorandum Opinion and Order of Remand at 5. The Court also stated that "[p]erhaps the harmlessness issue here presents a 'borderline question.'" Memorandum Opinion and Order of Remand at 7. Ultimately, however, the Court declined to deem the error harmless, stressing that: (1) the ALJ gave "great weight" to Dr. Yang's opinions, but only "some weight" to two other consultative examiners' opinions; (2) at least one of the other consultative examiners read and may have relied on Dr. Yang's opinions; (3) the doctor to whom the ALJ gave "the most probative weight" was a non-

examining physician who read Dr. Yang's opinions and also may have relied on them; and (4) the ALJ's error "significantly implicate[d]" the "perceived fairness, integrity, or public reputation" of the administrative proceedings. See Memorandum Opinion and Order of Remand at 5-8 (quoting <u>Shinseki v. Sanders</u>, 556 U.S. 396, 411-12 (2009)).

**APPLICABLE LAW**

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of an agency action, brought by or against the United States . . . <u>unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust</u>.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

"It is the government's burden to show that its position was substantially justified or that special circumstances exist to make the award unjust." <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001). "Substantially justified" means "'justified in substance

4

or in the main' — that is, justified to a degree that could satisfy a reasonable person." Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  In other words, where "reasonable people could differ as to the appropriateness of the contested action," the government's position is substantially justified.  Pierce v. Underwood, 487 U.S. at 565 (internal brackets, quotations and citations omitted). Substantial justification requires that the government's position have a "reasonable basis both in law and in fact."  Id. at 565-66; see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990); Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (substantial justification is equated with reasonableness).

In viewing the conduct of the government, "the remedial purpose of the EAJA is best served by considering the totality of the circumstances."  United States v. Gavilan Joint Community College Dist., 849 F.2d 1246, 1248 (9th Cir. 1988) (citation omitted).  The Court must examine both the government's pre-litigation and litigation positions.  Id.; see Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be 'substantially justified' at each stage of the proceedings.") (quotations and citation omitted). In the Social Security context, the government's positions include "both the government's litigation position and the underlying agency action giving rise to the civil action."  Meier v. Colvin, 727 F.3d 867, 870-72 (9th Cir. 2013); see also 28 U.S.C. § 2412(d)(2)(D) ("'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .").  In evaluating the reasonableness of the government's positions, the Court

must "focus on the remand issue rather than the ultimate disability determination." Lewis v. Barnhart, 281 F.3d 1081, 1086 (9th Cir. 2002).  When the ALJ''s decision is the final decision of the Administration, the ALJ's decision is the "action or failure to act by the agency upon which the civil action is based," and so is the decision reviewed for substantial justification.  Meier v. Colvin, 727 F.3d at 870-72.

When an error in the administrative decision was not substantially justified,[3] the Second, Third and Ninth Circuits require an award of EAJA fees regardless of whether the government's subsequent litigation position was substantially justified.[4]  See Tobeler v. Colvin, 749 F.3d 830, 834 (9th Cir. 2014) ("Because the government's underlying position was not substantially justified, we award fees, even if the government's litigation position may have been justified.") (emphasis original); Meier v. Colvin, 727 F.3d at 872-73

---

[3] A lack of substantial justification should not be confused with a lack of substantial evidence to support an administrative decision.  "[W]hen an agency's decision is unsupported by substantial evidence, it is a strong indication that the position of the United States is not substantially justified."  Campbell v. Astrue, 736 F.3d 867, 868-69 (9th Cir. 2013) ("Campbell").  In Campbell, however, the Ninth Circuit stressed that it has never held that a claimant must be awarded EAJA fees every time an ALJ's decision is reversed for lack of substantial evidence); see also Santos v. Colvin, 2014 WL 108195, at *3 n.3 (W.D. Wash. Jan. 9, 2014) (discussing the limited nature of the holding in Campbell).

[4] This statement must be qualified in at least one respect.  The EAJA permits the denial of fees when the court finds "that special circumstances make an award unjust."  See 28 U.S.C. § 2412(d)(1)(A).  In the present case, Defendant fails to argue and it fails to appear that any "special circumstances make an award unjust."

(awarding EAJA fees where ALJ's position was not substantially justified; declining to address whether the government's litigation position was substantially justified); Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998), cert. denied, 525 U.S. 1070 (1999) (if either the government's pre-litigation or litigation position is not substantially justified, the prevailing party should be awarded EAJA fees); Smith by Smith v. Bowen, 867 F.2d 731, 734 (2d Cir. 1989) (court must award EAJA fees where underlying government position is not substantially justified, "even if Government's litigation position is itself reasonable when considered alone").[5]

**ANALYSIS**

**I. Under Current Ninth Circuit Law, Plaintiff is Entitled to EAJA Fees.**

Defendant first argues that "the record supported the ALJ's ultimate determination that Plaintiff was not disabled" (Opposition at 3). This argument is misplaced. In analyzing a request for EAJA

---

[5] The Fourth, Seventh and Tenth Circuits appear to disagree somewhat with the Second, Third and Ninth Circuits on this issue. See United States v. 515 Granby, LLC, 736 F.3d 309, 315-17 (4th Cir. 2013) (stating that unreasonable pre-litigation position generally will lead to award of attorney's fees, even if government's litigation position was reasonable, but refusing to adopt a bright-line rule requiring fees in such cases); Hackett v. Barnhart, 475 F.3d 1166, 1174 (10th Cir. 2007) (refusing to state categorically that a reasonable litigation position by the government can never "cure" unreasonable agency action); Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994) ("the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis") (emphasis added).

fees, the Court must "focus on the remand issue rather than the ultimate disability determination." Lewis v. Barnhart, 281 F.3d at 1086. Thus, the issue is not whether the ALJ reasonably found Plaintiff capable of working; the issue is whether the pre-litigation and post-litigation positions of the government were reasonable <u>with respect to the issue on which the Court remanded the case for further administrative proceedings</u>. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998); Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1995). Therefore, the Court examines the government's positions with respect to the issue as to which the Court remanded the case.

In remanding the case for further administrative proceedings, the Court found: (1) the ALJ's reliance on Dr. Yang's opinions was error; and (2) the error was not harmless. The government's pre-litigation position regarding Dr. Yang's opinions was plainly unreasonable. After the ALJ's adverse decision, Plaintiff provided additional evidence to the Appeals Council regarding Dr. Yang's previous termination, and Plaintiff requested that the matter be remanded so that the ALJ could issue a decision "untainted" by Dr. Yang's opinions. See A.R. 300-03. The additional evidence provided to the Appeals Council comprises part of the administrative record which this Court must consider. See, e.g., Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012); see also 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (the Administration will consider "any factors you or others bring to our attention" when determining how much weight to give a medical opinion)). For "program integrity," social security regulations provide that the Administration will not use any consultative examiner who is currently excluded, suspended or

otherwise barred from participation in any federally-assisted program. See 20 C.F.R. §§ 404.1503a, 416.903a. Nevertheless, and notwithstanding uncontroverted evidence in the record that Dr. Yang had been terminated for cause, the Appeals Council denied review. This denial made the ALJ's decision, a decision expressly giving "great weight" to Dr. Yang's opinions, the final decision of the Administration. Under these circumstances, the error of giving "great weight" to Dr. Yang's opinions was an error lacking any substantial justification. See Defendant's Motion for Summary Judgment at 2; compare Minton v. Astrue, 2012 WL 1019591, at *2-3 (D. Ariz. March 26, 2012) (the government requested that the district court order a remand for further proceedings because the consultative examiner on whom the ALJ relied did not satisfy Administration's program integrity requirements). Accordingly, the government's pre-litigation position was not substantially justified, and an award of fees is required. Cf. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996) ("A finding that an agency's position was substantially justified when the agency's position was based on violations of . . . the agency's own regulations[] constitutes an abuse of discretion.") (citations omitted).

Defendant submits that the government's litigation position was reasonable. Defendant argues that the government reasonably took the litigation position that the Administration's erroneous reliance on
///
///
///

9

Dr. Yang's opinions had been harmless.[6]  This litigation position may well have been reasonable.[7]  Under current Ninth Circuit law, however, a determination that the government's litigation position was reasonable would not change the result herein.  See Tobeler v. Colvin, 749 F.3d at 834 (awarding EAJA fees regardless of whether the government's harmless error argument was reasonable); Meier v. Colvin, 727 F.3d at 872-73 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified"); see also Peng See v. Colvin, 2014 WL 2442578, at *5 (E.D. Cal. May 30, 2014) ("Since the government's underlying agency action was not substantially justified, it is not necessary to address whether the government's litigation position was justified"); accord Nelson v. Commissioner of Social Sec. Admin., 2014 WL 198779, at *3 (D. Or. Jan. 15, 2014); Clark v. Colvin,

---

[6]  The government did not take this position prior to litigation.  The ALJ took the position that reliance on Dr. Yang's opinions was proper.  The Appeals Council may have thought otherwise (A.R. 4), but its denial of review rendered the ALJ's decision the final, unchanged decision of the Administration and the only decision of the Administration reviewable by this Court (A.R. 3).  See Brewes v. Commissioner, 682 F.3d 1157, 1161-62 (9th Cir. 2012) ("we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision . . . When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner . . ." (citations and quotations omitted).

[7]  Some of Defendant's current briefing appears less reasonable.  The Opposition mistakenly or misleadingly cites three cases as supposedly having found "that an ALJ's decision was supported by substantial evidence despite its reliance on Dr. Yang's opinion."  See Defendant's Opposition at 4 (citing Gontes v. Astrue, 913 F. Supp. 2d 913 (2012), Henry v. Astrue, 2012 WL 4511677 (C.D. Cal. Oct. 2, 2012), and Banta v. Astrue, 2012 WL 1967763 (C.D. Cal. June 1, 2012)).  Dr. Yang's termination is not discussed in any of the three cases cited.  The Gontes case does not even mention Dr. Yang.

2013 WL 4774642, at *3 (D. Ariz. Sept. 5, 2013); but see Groberg v. Astrue, 505 Fed. App'x 763, 765-66 (10th Cir. 2012) ("Even where the ALJ's reasons were unreasonable, EAJA fees may still be denied when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless."); Johns v. Astrue, 455 Fed. App'x 846, 848 (10th Cir. 2011) (district court did not abuse its discretion in denying EAJA fee request where government's litigation position was that any error was harmless, and district court believed that the application of harmless error was "a close call"); Decker v. Commissioner of Social Security, 2014 WL 1767703, at *3 (S.D. Ohio May 2, 2014) (recommending denial of EAJA fee request where harmless error question had not been an "easy question[] to answer" and judge had devoted "substantial discussion" to the harmlessness issue in resolving the underlying action; "[T]he Commissioner is always free to make a harmless error argument even when a regulation has been violated.  The substantiality of that argument will depend on the specific facts of each case. . . .").[8]

///

///

---

[8] Under current Ninth Circuit law, the government sometimes will be put to the choice of stipulating to the harmfulness of an administrative error the government reasonably believes to have been harmless, or arguing the harmlessness of the error on pain of being held liable for the plaintiff's litigation fees should the court later deem the government's argument to have been reasonably mistaken.  It is not for this Court to question the propriety of putting the government to this Hobson's choice.  See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) (judge of the district court may not "disagree with his learned colleagues on his own Court of Appeals who have ruled on a controlling legal issue"); Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("District Courts are, of course, bound by the law of their own circuit.").

**II. The Fee Requested in the Petition is Reasonable; the Additional Fee Requested in the Reply is Not.**

Having determined that the government's pre-litigation position was not substantially justified, the Court considers the reasonableness of the fees requested. Plaintiff requests $3,520.53 in fees for time spent before the Court, at a rate of $187.02 per hour for 16.7 hours of attorney time (including one hour of counsel's time preparing the Reply), and at a rate of $137 per hour for 2.9 hours of paralegal time. See Petition at 2 and Exhibit 1 (billing itemization); Reply at 2.

Under the EAJA, attorney fees are set at the market rate, but capped at $125 per hour, subject to a cost of living adjustment. See 28 U.S.C. § 2412(d)(2)(A). The EAJA explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent the party "unduly and unreasonably protracted the final resolution" of the case. 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D). When considering eligibility for a fee award under the EAJA, a court should "treat[] a case as an inclusive whole, rather than as atomized line-items." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990); see also In re Southern California Sunbelt Developers, Inc., 608 F.3d 456, 463 (9th Cir. 2010). "[A]bsent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." Commissioner v. Jean, 496 U.S. at 161; Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) ("[T]he fee award should not be reduced simply because

the plaintiff failed to prevail on every contention raised in the lawsuit. . . . The result is what matters.") (internal citation omitted).

Defendant acknowledges that "the total number of hours billed in this case is not necessarily an unreasonable amount of time," but suggests that the motion for summary judgment filed by Plaintiff was not lengthy, was "largely boilerplate," and had few citations. See Opposition at 6. Defendant contends that the time spent on the motion was unreasonably excessive.

The Court has reviewed the entire record. There is no indication in the record that Plaintiff's counsel engaged in dilatory conduct during any part of counsel's representation. Nor does it does appear that the time spent preparing Plaintiff's motion for summary judgment was excessive or otherwise unnecessary in light of the needs of this case. Hensley v. Eckerhart, 461 U.S. at 434. Counsel began representing Plaintiff after the ALJ's adverse decision (see A.R. 23), and had to acquaint himself with a 416 page administrative record. Consequently, it is understandable that more than a dozen hours were required to produce Plaintiff's motion for summary judgment.

The Court finds that the hours reported and fees requested in the Petition are reasonable. Because Plaintiff is entitled to reasonable fees for time spent litigating the EAJA fee request, the Court will allow a reasonable fee for preparation of the Petition. See Commissioner, I.N.S. v. Jean, 496 U.S. at 165-66. The Court finds that the 1.5 hours counsel spent in preparation of the Petition are

reasonable. However, the one hour fee requested for preparing the untimely, duplicative Reply is not reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (counsel's hours "that are excessive, redundant, or otherwise unnecessary" should be excluded); Tahara v. Matson Terminals, Inc., 511 F.3d 950, 956 (9th Cir. 2007) (upholding district court's refusal to award fees for duplicative work). The Reply did not respond to the specific arguments in the Opposition and did not contribute anything material to the analysis of the issues in controversy. Accordingly, Plaintiff is entitled to only $3,333.51 in EAJA fees.

**III. The Fees May be Paid Directly to Plaintiff's Counsel, Absent an Offset for Any Indebtedness Owed by Plaintiff to the Government.**

Although an EAJA fee award generally is payable to the prevailing litigant rather than to the prevailing litigant's attorney, Astrue v. Ratliff, 560 U.S. 586, 596-97 (2010) ("Ratliff"), Plaintiff validly assigned his EAJA fees to his counsel. See Petition, Exhibit 1 (representation agreement containing assignment at ¶4). The fees therefore are owing to Plaintiff's counsel, as Plaintiff's assignee, subject to any offset due to Plaintiff's outstanding federal indebtedness, if any, under 31 U.S.C. section 3716. See, e.g., Ramirez v. Colvin, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013) (Ratliff does not preclude the court from honoring a plaintiff's assignment of EAJA fees; subject to offset, plaintiff's counsel as assignee is entitled to direct payment of the EAJA award) (citing cases).
///

**CONCLUSION AND ORDER**

For all the foregoing reasons, IT IS ORDERED that Plaintiff is awarded attorney fees under the EAJA in the amount of $3,333.51. If the government determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to THE LAW OFFICES OF LAWRENCE D. ROHLFING pursuant to the assignment executed by Plaintiff. This award is without prejudice to the rights of Plaintiff and Plaintiff's counsel to seek attorney fees under 42 U.S.C. § 406, if appropriate.

DATED: July 29, 2014.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE